UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY CORDERO, | No. 2:13-cv-1551-JAM-KJN-P |
| Plaintiff, | |
| v. | ORDER |
| NICK GUZMAN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not

1

establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Because plaintiff requests that appointed counsel prepare the opposition to defendants' summary judgment motion filed October 20, 2014, plaintiff is granted a thirty day extension to file his opposition.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's November 13, 2014 motion for the appointment of counsel (ECF No. 53) is denied without prejudice; and

2. Plaintiff's opposition to defendants' summary judgment motion is due within thirty days of the date of this order.

Dated:  November 24, 2014

/cord1551.31.kjn

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

2