UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDY M. CORDERO,

    Plaintiff,

    v.

NICK GUZMAN, et al.,

    Defendants.

No. 2:13-cv-1551 JAM KJN P

ORDER

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On June 18, 2015, the Honorable John A. Mendez remanded this action to the undersigned to conduct an evidentiary hearing with respect to whether plaintiff exhausted his administrative remedies as to his claims against defendant Parra. The undersigned herein sets forth the procedures for the evidentiary hearing.

    A. Witnesses

    On or before thirty days prior to the hearing, the parties shall provide witness lists. Each party may call any witness designated by the other.

    1. No other witness will be permitted to testify unless:

        a. The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated prior to the evidentiary hearing.

////

    b. The witness was not discovered after the exchange of witnesses and the proferring party makes the showing required in "2" below.

  2. Within the thirty day period prior to the evidentiary hearing, the parties shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at the evidentiary hearing whether the witnesses shall be permitted to testify. The witnesses will not be permitted unless:

    a. The witnesses could not reasonably have been discovered prior to the exchange of witness lists;

    b. The court and the opposing party were promptly notified upon discovery of the witnesses;

    c. If time permitted, the party proferred the witnesses for deposition; or

    d. If time did not permit, a reasonable summary of the witnesses' testimony was provided to the opposing party.

  B. <u>Exhibits, Schedules and Summaries</u>

  Both parties shall exchange copies of their exhibits thirty days prior to the evidentiary hearing. Any objections to the exhibits may be raised at the hearing.

  1. No other exhibits will be permitted to be introduced unless:

    a. The party proferring the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated, or

    b. The exhibit was discovered after the exchange of exhibits and the proferring party makes the showing required in Paragraph "2" below.

  2. Within the ten day period prior to the evidentiary hearing, the parties shall promptly inform the court and opposing counsel of the existence of such exhibits so that the court may consider their admissibility at the evidentiary hearing. The exhibits will not be received unless the proferring party demonstrates:

    a. The exhibits could not reasonably have been discovered earlier;

    b. The court and the opposing party were promptly informed of their existence; or

    c. The proferring party forwarded a copy of the exhibit(s) (if physically possible)

to the opposing party.  If the exhibit(s) may not be copies the proferring party must show that he has made the exhibit(s) reasonably available for inspection by the opposing party.

    Accordingly, IT IS HEREBY ORDERED that an evidentiary hearing is set for September 14, 2015, at 9:00 a.m., before the undersigned; the parties shall prepare for the hearing in accordance with the terms set forth in this order.

Dated:  June 26, 2015

KENDALL J. NEWMAN  
UNITED STATES MAGISTRATE JUDGE

Cor1551.evi