UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY M. CORDERO,<br><br>        Plaintiff,<br><br>   v.<br><br>NICK GUZMAN, et al.,<br><br>        Defendants. | No.  2:13-cv-1551 JAM KJN P<br><br><br>ORDER |

       Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  This action is set for an evidentiary hearing before the undersigned on September 14, 2015, regarding the issue of exhaustion of administrative remedies.  On July 30, 2015, plaintiff filed a pleading identifying his witnesses.  (ECF No. 75.)  To the extent this pleading includes a request for court assistance in obtaining the appearance of these witnesses at the evidentiary hearing, for the following reasons, this request is denied.

       The evidentiary hearing will address the issue of whether plaintiff exhausted his administrative hearings as to his claims against defendant Parra.  Plaintiff's claims against defendant Parra are set forth herein.

       In the original complaint, plaintiff alleges that on March 5, 2015, plaintiff telephoned his attorney to discuss filing a civil suit against High Desert State Prison ("HDSP") and defendant Parra. (ECF No. 1 at 6.)  While on the telephone, plaintiff became aware that defendant Parra

was monitoring the call.  (Id. at 6-7.)  Plaintiff also heard a distinct "click," which meant that the call was being monitored by CDCR staff.  (Id. at 7.)

On March 5, 2013, plaintiff was assaulted by inmates Valdivia and Trejo of the Two-Five gang.  (Id.)  Inmates Valdivia and Trejo later told plaintiff that they had conspired with defendant Parra to assault plaintiff.  (Id.)  They explained that defendant Parra told them that plaintiff was "dropping kites" on the Two-Five gang.  (Id.)  "Dropping kites" is prison slang for providing prison staff with information about the members of the gang.  (Id.)  Plaintiff alleges that defendant Parra conspired with inmates Valdivia and Trejo to assault him in retaliation for filing a staff complaint against defendant Guzman.  (Id.)

The April 20, 2015 findings and recommendations addressing defendants' summary judgment motion discussed the issue of administrative exhaustion as set forth herein:

> On March 10, 2013, plaintiff filed grievance 13-2073 raising his claims against defendant Parra.  (ECF No. 57 at 75.)  This grievance was processed as a staff complaint apparently based on plaintiff's allegations that defendant Parra facilitated the attack by the other inmates on plaintiff.  The first level response is unclear.  (Id. at 81.)  However, it appears to have been granted in part.  (Id.)  Plaintiff's appeal was accepted at the second level of review and also granted in part.  (Id. at 82.)  The second level response states that on March 5, 2013, Sergeant Nadel conducted a videotaped interview with plaintiff.  (Id.)  The response describes plaintiff's statements made during the interview.  (Id.)  The response further states that the following witnesses were questioned regarding the grievance:  inmate Trejo, inmate Valdivia, Officer Uribe, Officer Trevino.  (Id. at 87.)  The response states that the following information was reviewed as a result of plaintiff's allegations: plaintiff's 602 and 602A, plaintiff's disability and effective communication report, sign-in/out sheets for Facility 3B, and Incident Package 837 Log # COR 03B-13-03-0129.  (Id.)
>
> Plaintiff's third level appeal of grievance 13-2073 was rejected at the third level of review because the appeal was missing the 837 Crime Report.  (Id. at 85.)
>
> In his opposition, plaintiff argues that he submitted requests to prison staff for the CDCR 837 incident report but received no response. (ECF No. 60 at 40.)   Plaintiff also argues that he, plaintiff, was not charged with a prison disciplinary for the altercation involving inmates Valdivia and Trejo. (ECF No. 60. at 41.)  Plaintiff argues that he would have received the CDCR 837 incident report had he, plaintiff, been charged with a rules violation involving that incident. (Id.)

////

> The undersigned is puzzled by the fact that grievance 13-2073 was considered on the merits at the second level of review, which included review of the 837 Crime Report, but rejected at the third level of review based on plaintiff's failure to include the 837 Crime Report. Plaintiff's statements in his opposition indicate that plaintiff did not possess a copy of the 837 Crime Report, suggesting that the second level reviewer independently obtained the 837 Crime Report in order to evaluate plaintiff's grievance. If the second level reviewer was able to obtain this report, then it is unclear why the third level reviewer could also not obtain this report, which was apparently not readily available to plaintiff. Without further explanation of these apparent discrepancies in review procedures between the second and third level of review, the undersigned cannot determine whether 13-2073 was properly rejected at the third level of review on procedural grounds.

(ECF No. 65 at 13-14.)

On June 18, 2015, the Honorable John A. Mendez adopted the April 20, 2015 findings and recommendations, and ordered an evidentiary hearing as to whether plaintiff exhausted his administrative remedies with respect to his claims against defendant Parra. (ECF No. 71.)

In his July 30, 2015 pleading, plaintiff lists the following witnesses for the evidentiary hearing: 1) inmate Gomez (cellmate); 2) inmate Valdivia; 3) inmate Trejo; 4) the two corrections officers working with defendant Parra on March 5, 2013; and 5) attorney William Schmidt.

It is clear that plaintiff's proposed witnesses would testify regarding the merits of plaintiff's claim against defendant Parra. That is not the subject of the evidentiary hearing. The subject of the evidentiary hearing is only whether plaintiff administratively exhausted his claims against defendant Parra. As discussed in the April 20, 2015 findings and recommendations, the court cannot determine why plaintiff's grievance, raising his claims against defendant Parra, was considered on the merits at the second level of review but rejected at the third level of review based on plaintiff's failure to include the 837 Crime Report. This is the issue to be addressed at the evidentiary hearing. It does not appear that plaintiff's proposed witnesses have any testimony to offer relevant to that issue. Accordingly, plaintiff's request for the court's assistance in obtaining the appearance of these witnesses is denied.

In his July 30, 2015 pleading, plaintiff also states that he intends to file an amended complaint naming additional defendants. The undersigned will not address this issue because plaintiff did not file a proposed amended complaint and a motion for leave to amend.

1       Accordingly, IT IS HEREBY ORDERED that plaintiff's request for court assistance in obtaining the appearance of witnesses for the evidentiary hearing (ECF No. 75) is denied.

Dated: August 5, 2015

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Cor1551.ord(evi)