UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY M. CORDERO, | No. 2: 13-cv-1551 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| NICK GUZMAN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's November 5, 2015 motion for judicial intervention.  (ECF No. 87.)

On September 14, 2015, an evidentiary hearing was held in this action before the undersigned.  In the pending motion, plaintiff alleges that following his return to the R.J. Donovan Correctional Facility ("RJDCF") after the evidentiary hearing, Receiving and Release prison staff refused to give plaintiff his plastic storage container containing his legal property that plaintiff had brought to the evidentiary hearing.

On January 4, 2016, plaintiff filed a letter with the court stating that RJDCF prison officials in Receiving and Release still refuse to give him his legal property related to the instant action that he took with him to the evidentiary hearing in Sacramento.  (ECF No. 89.)

////

1


1      No defendants are located at the RJDCF.  Usually persons or entities not parties to an
2 action are not subject to orders for injunctive relief.  Zenith Radio Corp. v. Hazeltine Research,
3 Inc., 395 U.S. 100 (1969).  However, the fact that one is not a party does not automatically
4 preclude the court from acting.  The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue
5 writs "necessary or appropriate in aid of their jurisdiction and agreeable to the usages and
6 principles of law."  See generally S.E.C. v. G.C. George Securities, Inc., 637 F.2d 685 (9th Cir.
7 1981); United States v. New York Telephone Co., 434 U.S. 159 (1977).  This section does not
8 grant the court plenary power to act in any way it wishes; rather the All Writs Act is meant to aid
9 the court in the exercise and preservation of its jurisdiction.  Plum Creek Lumber Company v.
10 Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).

11     The court is concerned that it may lose jurisdiction if plaintiff cannot prosecute this action
12 because he is being denied access to his legal property.  Accordingly, the RJDCF Warden is
13 directed to file a status report addressing plaintiff's access to his legal property, including the
14 plastic storage container that plaintiff alleges was not returned to him following his return to
15 RJDCF after the evidentiary hearing.

16     Accordingly, IT IS HEREBY ORDERED that:

17     1. Within ten days of the date of this order, the RJDCF Warden shall file a status report
18 addressing plaintiff's access to his legal property;

19     2. The Clerk of the Court is directed to serve this order and a copy of plaintiff's
20 November 5, 2015 motion for judicial intervention (ECF No. 87) and January 4, 2016 letter (ECF
21 No. 89) on the Warden of R.J. Donovan Correctional Facility, R.J. Donovan Correctional
22 Facility, 480 Alta Road, San Diego, California, 92179 and Supervising Deputy Attorney General
23 Monica Anderson.

24 Dated:  January 8, 2016

26           KENDALL J. NEWMAN
              UNITED STATES MAGISTRATE JUDGE

28 Cor1551.leg