UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY M. CORDERO,<br><br>    Plaintiff,<br><br> v.<br><br>NICK GUZMAN, et al.,<br><br>    Defendants. | No. 2: 13-cv-1551 JAM KJN P<br><br><br>ORDER |

   Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's November 5, 2015 motion for judicial intervention. (ECF No. 87.) For the following reasons, this motion is denied.

   On September 14, 2015, an evidentiary hearing was held in this action before the undersigned. In the pending motion, plaintiff alleges that following his return to the R.J. Donovan Correctional Facility ("RJDCF") after the evidentiary hearing, Receiving and Release prison staff refused to give plaintiff his plastic storage container containing his legal property that plaintiff had brought to the evidentiary hearing.

   On January 4, 2016, plaintiff filed a letter with the court stating that RJDCF prison officials in Receiving and Release still refused to give him his legal property related to the instant action that he took with him to the evidentiary hearing in Sacramento. (ECF No. 89.)

////

On January 8, 2016, pursuant to the All Writs Act, the undersigned directed the RJDCF Warden to file a status report addressing plaintiff's access to his legal property. (ECF No. 92.)

On January 22, 2016, RJDCF Litigation Coordinator McGuire filed a declaration in response to the January 8, 2016 order. (ECF No. 95.) Litigation Coordinator McGuire states that the RJDCF Receiving and Release department does not have any property for plaintiff. McGuire states that he contacted the prisons where plaintiff has been housed during his September and December 2015 out-to-court transfers. None of the prisons, except California State Prison-Sacramento ("CSP-Sac") has any property belonging to plaintiff. Plaintiff was apparently housed at CSP-Sac during the evidentiary hearing. Officials at CSP-Sac informed McGuire that they have a plastic container, containing some cosmetics and paperwork, belonging to plaintiff. This plastic container will be sent overnight to RJDCF on Monday, January 25, 2016. McGuire states that plaintiff will be given his plastic container of property, shipped from CSP-Sac, by the end of next week or early the following week.

Based on the representations in Litigation Coordinator McGuire's declaration, it appears that plaintiff will soon be granted access to the legal property missing since his return to RJDCF following the evidentiary hearing. Accordingly, plaintiff's motion for judicial intervention is denied as moot.

On December 23, 2015, the undersigned recommended that defendants' motion for summary judgment be granted. (ECF No. 88.) On January 5, 2016, plaintiff filed objections. (ECF No. 91.) In his objections, plaintiff alleges that he does not have his legal property. Because plaintiff will soon have access to all of his relevant legal property, plaintiff is granted an opportunity to file supplemental objections.

Plaintiff also requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider

plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for judicial intervention (ECF No. 87) is denied;

2. Plaintiff is granted twenty-one days from the date of this order to file supplemental objections;

3. Plaintiff's motion for appointment of counsel (ECF No. 89) is denied.

Dated: January 27, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Cor1551.lp

3