1  LATHAM & WATKINS LLP
    Kala Sherman-Presser (CA Bar No. 302591)
2    kala.sherman-presser@lw.com
    Meryn C. N. Grant (CA Bar No. 291315)
3    meryn.grant@lw.com
    Tyler P. Young (CA Bar No. 291041)
4    tyler.young@lw.com
    Christopher J. Soper (CA Bar No. 307500)
5    chris.soper@lw.com
    Caroline N. Esser (CA Bar No. 307745)
6    caroline.esser@lw.com
7  505 Montgomery Street, Suite 2000
   San Francisco, California  94111
8  Telephone:  (415) 391-0600
   Facsimile:  (415) 395-8095
9
   *Attorneys for Plaintiff Randy M. Cordero*
10

11

12              IN THE UNITED STATES DISTRICT COURT

13           FOR THE EASTERN DISTRICT OF CALIFORNIA

14                   SACRAMENTO DIVISION

15

16  RANDY M. CORDERO,                    Case No. 2:13-cv-01551 JAM KJN

17              Plaintiff,               **STIPULATION AND PROTECTIVE ORDER**

18        v.

19  NICK GUZMAN, et al.
                                         Trial Date:  July 24, 2017
20              Defendant.               Action Filed:  July 16, 2013

21

22

23

24

25

26

27

28

1        Good cause appearing, and in conformance with the parties' agreement:

2       **IT IS HEREBY ORDERED** that this Protective Order pursuant to Rule 26(c) of the

3   Federal Rules of Civil Procedure be, and is hereby, entered.

4       1.    This Protective Order shall be applicable to and govern all depositions, documents

5   produced in response to requests for production of documents, documents produced in response

6   to subpoenas served on third parties, and all other discovery taken pursuant to the Federal Rules

7   of Civil Procedure, and other information hereafter furnished, directly or indirectly, by or on

8   behalf of any party or nonparty in connection with this action which any party or nonparty

9   (whether or not it furnished the materials or information) designates as "CONFIDENTIAL,"

10  "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –

11  ATTORNEY'S EYES ONLY."

12      a.    The designation of "CONFIDENTIAL" is intended to encompass

13  materials and information of whatsoever nature that the designating party or nonparty in good

14  faith believes compromise information that is not generally known and which the party or

15  nonparty would normally not reveal to third parties or would cause third parties to maintain in

16  confidence, including, without limitation, documents protected by any qualified privileges.

17      b.    A party or nonparty may also designate their discovery materials and

18  information provided in this litigation as "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

19  when that party or nonparty has a good faith belief that such materials and information are

20  particularly sensitive and therefore require a heightened level of protection.

21      c.    A party or nonparty may also designate their discovery materials and

22  information provided in this litigation as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

23  ONLY" when that party or nonparty has a good faith belief that such materials and information

24  are particularly sensitive and therefore require the utmost level of protection.

25      2.    Materials and information governed by this Protective Order shall be used by any

26  recipients solely for the purpose of conducting this litigation, and not for any other purpose

27  whatsoever, and such information shall not be disclosed to anyone except as provided herein.

28

3.     Any information or materials produced by any party or nonparty as part of discovery in this action may be designated by that party or nonparty pursuant to Paragraphs 4 through 8 of this Protective Order.

4.     The designation of information or materials for purposes of this Protective Order shall be made in the following manner by the party or nonparty seeking protection:

a.     In the case of documents, exhibits, briefs, memoranda, or other materials (apart from depositions or other pretrial and trial testimony): by affixing a plainly visible confidentiality designation legend to: (i) the first page and each page containing any confidential information or materials; or (ii) physically on the outside of any media for storing electronic documents, if produced in native format, at the time such documents are produced or such information is disclosed, or as soon thereafter as the party or nonparty seeking protection becomes aware of the confidential nature of the information or materials disclosed and sought to be protected hereunder. The term "document," as used in this Protective Order, shall have the broadest meaning permissible under the Federal Rules of Civil Procedure and shall include, without limitation, all "documents and electronically stored information" as defined in Rule 34 of the Federal Rules of Civil Procedure, all "writings," "recordings," and "photographs" as defined in Rule 1001 of the Federal Rules of Evidence, and any information stored in or through any computer system or other electronic or optical data storage device.

b.     In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, during such deposition or other pretrial proceeding that the entire transcript or a portion thereof shall be designated hereunder; or (ii) by written notice of such designation sent by counsel to all parties within five (5) court days after the deposition. (For the elimination of doubt, email notification constitutes written notification under this Protective Order.) The parties shall treat all deposition and other pretrial testimony as "CONFIDENTIAL" under this Protective Order until the expiration of five (5) court days after the deposition. Unless designated as confidential pursuant to this Protective Order, any confidentiality is waived after the expiration of the 5-day period unless otherwise stipulated or ordered. The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at

1   such deposition or proceeding or otherwise by written stipulation, without approval of the Court.

2   If the contents of any document or information designated under this Protective Order are

3   referenced during the course of a deposition, that portion of the deposition record reflecting such

4   confidential information shall also be treated, without the need for additional designation, with

5   the same confidential protection as that document or information.

6           c.      A party or nonparty furnishing documents and things to parties shall have

7   the option to require that all or batches of documents and things be treated as confidential during

8   inspection and to make its designations of particular documents and things at the time copies of

9   documents and things are produced or furnished.

10          5.      Information or materials designated as "CONFIDENTIAL" under this Protective

11  Order, or copies or extracts therefrom and compilations thereof, may be disclosed, described,

12  characterized, or otherwise communicated or made available in whole or in part only to the

13  following persons:

14          a.      Any party to the litigation.

15          b.      Counsel of record in this litigation and staff and supporting personnel of

16  such attorneys, such as paralegals, secretaries, stenographic and clerical employees and

17  contractors, and outside copying, imaging and presentation services, who are working on this

18  litigation under the direction of such attorneys and to whom it is necessary that the materials be

19  disclosed for purposes of this litigation.

20          c.      Subject to Paragraphs 8 and 9 herein, persons who are expressly retained

21  or sought to be retained by a party or parties as consultants or testifying experts; provided that

22  the disclosure of such material to any persons under this subparagraph shall only be to the extent

23  necessary to perform their work in connection with this litigation.

24          d.      Subject to Paragraph 9 herein, any person of whom testimony is taken, or

25  is scheduled to be taken, in this action. No individual who is shown confidential information or

26  materials or testimony pursuant to this subsection shall be permitted to retain or keep copies of

27  the confidential material or testimony shown under any circumstances.

28

1        e.        The Court and Court personnel under seal if filed or lodged with the

2    Court.

3        f.        Subject to Paragraph 9 herein, court reporters, interpreters, and

4    videographers employed in connection with this action.

5        6.        Information or materials designated as "CONFIDENTIAL – ATTORNEYS'

6    EYES ONLY" under this Protective Order, or copies or extracts therefrom and compilations

7    thereof, may be disclosed, described, characterized, or otherwise communicated or made

8    available in whole or in part only to the following persons:

9        a.        Counsel of record in this litigation and staff and supporting personnel of

10   such attorneys, such as paralegals, secretaries, stenographic and clerical employees and

11   contractors, and outside copying, imaging and presentation services, who are working on this

12   litigation under the direction of such attorneys and to whom it is necessary that the materials be

13   disclosed for purposes of this litigation.

14       b.        Subject to Paragraph 8 and 9 herein, persons who are expressly retained or

15   sought to be retained by a party or parties as consultants or testifying experts; provided that the

16   disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or materials to

17   any persons under this subparagraph shall only be to the extent necessary to perform their work

18   on this litigation.

19       c.        The Court and Court personnel under seal if filed or lodged with the

20   Court.

21       d.        Subject to Paragraph 9 herein, court reporters, interpreters, and

22   videographers employed in connection with this action.

23       e.        Any party to this action only if the information or materials designated as

24   "CONFIDENTIAL – ATTORNEYS' EYES ONLY" are introduced as exhibits at trial.

25       7.        Information or materials designated as "HIGHLY CONFIDENTIAL –

26   ATTORNEYS' EYES ONLY" under this Protective Order, or copies or extracts therefrom and

27   compilations thereof, may be disclosed, described, characterized, or otherwise communicated or

28   made available in whole or in part only to the following persons:

1    a.    Counsel of record in this litigation and staff and supporting personnel of

2    such attorneys, such as paralegals, secretaries, stenographic and clerical employees and

3    contractors, and outside copying, imaging and presentation services, who are working on this

4    litigation under the direction of such attorneys and to whom it is necessary that the materials be

5    disclosed for purposes of this litigation.

6    b.    Subject to Paragraphs 8 and 9 herein, persons who are expressly retained

7    or sought to be retained by a party or parties as consultants or testifying experts; provided that

8    the disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or

9    materials to any persons under this subparagraph shall only be to the extent necessary to perform

10   their work on this litigation.

11   c.    The Court and Court personnel under seal if filed or lodged with the

12   Court.

13   d.    Subject to Paragraph 9 herein, court reporters, interpreters, and

14   videographers employed in connection with this action.

15   Any document designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

16   ONLY" may not be used as an exhibit at any hearing or trial or in a motion filed in the above-

17   captioned litigation.  While this restriction on use at a hearing or trial or in a motion shall apply

18   to documents designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," it shall

19   not apply to relevant information or material contained in such documents designated as

20   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that is pertinent and necessary to

21   the litigation.

22   8.    For the purposes of this Protective Order, a consultant or expert shall be restricted

23   to a person who is retained or employed as a bona fide consultant or expert for purposes of this

24   litigation, whether full or part time, by or at the direction of counsel for a party.

25   9.    Each person identified above in the subparts to Paragraphs 5, 6, 7 and 8 who is

26   not (i) counsel for a party (or staff or supporting personnel of counsel for a party, as defined in

27   subparagraphs 5(a) and 6(a)) or (ii) the Court or Court personnel to whom information or

28   materials designated under this Protective Order are to be disclosed, shall, prior to receiving such

1   information or materials, be furnished with a copy of this Protective Order and a copy of the

2   Non-Disclosure Agreement attached hereto as Exhibit A-1, which the person shall read and sign.

3   Counsel for the party seeking to disclose material designated under this Protective Order to any

4   such person pursuant to this paragraph shall be responsible for retaining the executed originals of

5   all such Non-Disclosure Agreements. Copies of any such Non-Disclosure Agreements (except

6   for those signed by non-testifying experts or consultants who need not be disclosed under Rule

7   26) shall be provided to counsel for the designating parties or nonparties upon request at any

8   point after both plaintiff's and defendant's experts have been disclosed in accordance with Rule

9   26. Counsel shall retain copies of Non-Disclosure Agreements signed by all experts and

10   consultants they have retained, including non-testifying experts or consultants, for a period of

11   two years following the initial conclusion of this action in the district court.

12       10.      All information and material designated under this Protective Order shall be kept

13   in secure facilities in a manner intended to preserve confidentiality. Access to those facilities

14   shall be permitted only to those persons set forth in Paragraphs 5, 6, 7 and 8 above as persons

15   properly having access thereto. The recipient of any information or materials designated under

16   this Protective Order shall use its best efforts, but at no time less than reasonable efforts under

17   the circumstances, to maintain the confidentiality of such information or materials.

18       11.      In the event that any information or material designated under this Protective

19   Order is used, described, characterized, excerpted, or referenced in, or attached to, any court

20   proceeding or submission in connection with this litigation: (i) it shall not lose its confidential

21   status through such use; (ii) the parties shall take all steps reasonably required to protect its

22   confidentiality during such proceedings; and (iii) the party seeking to disclose any confidential

23   information or material shall seek leave of the Court to file such material under seal, otherwise

24   no disclosure may be had. Envelopes used to seal such material shall carry the notation:

25   "SUBJECT TO PROTECTIVE ORDER – FILED UNDER SEAL" and shall comply with all

26   requirements of the Court for filing material under seal. If the material in the envelope contains

27   information or materials that have been designated "attorneys' eyes only," then the sealed

28   envelope shall also be stamped with the notation "CONFIDENTIAL – ATTORNEYS' EYES

1   ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as appropriate.

2   Envelopes so marked shall be delivered sealed to the Clerk of the Court and the contents thereof

3   shall not be made available for public inspection. Counsel for the designating party shall have the

4   opportunity to oppose any request for public inspection.

5        12.    A party shall not be obligated to challenge the propriety of the confidentiality

6   designation of any material under this Protective Order at the time the designation is made, and

7   failure to do so shall not preclude a subsequent challenge thereto. A party or any other person

8   objecting to the designation of confidential information shall provide written notice of the

9   objection to the designating party, specifying the materials that are the subject of the objection

10  and detailed grounds for the objection. Within five (5) business days after such objection, the

11  parties and any other objecting person(s) shall confer in good faith in an effect to resolve the

12  objections. If such conference does not resolve the objection or does not take place within five

13  (5) business days, then the designating person may apply to the Court, by motion, for a ruling

14  that material designated by a party as Confidential Information shall be treated as Confidential

15  Information. The designating party shall have the burden of demonstrating the propriety of that

16  designation. Pending determination by the Court, material designated by a party as confidential

17  shall be treated as initially designated and provided in this Order. Failure of the designating party

18  to apply for a ruling within ten (10) business days after such conference or after the expiration of

19  the conference time frame waives its right to confidentiality for such documents unless this time

20  is extended by mutual consent of the parties.

21       13.    Nothing in this Protective Order shall prevent disclosure beyond the terms of this

22  Protective Order if the party that designated the materials or information consents in writing to

23  such disclosure, or if a court orders such disclosure. A party requested to disclose information or

24  materials designated under this Protective Order to a nonparty pursuant to a subpoena, civil

25  investigative demand, discovery procedure permitted under the Federal Rules of Civil Procedure,

26  or other formal discovery request shall object to its production to the extent permitted by

27  applicable law and notify the requesting nonparty of the existence of this Protective Order and

28  that the information or materials requested by the nonparty has been designated under this

1    Protective Order, and shall further give notice of such request, by facsimile and next business

2    day delivery, upon the party which designated the information or materials as soon as is

3    reasonably possible, but in all instances reasonably prior to the date on which such material

4    designated under this Protective Order is requested to be produced to the nonparty.

5            14.    If a party inadvertently fails to designate information or materials, when

6    producing or otherwise disclosing such information or materials, it shall not be deemed a waiver

7    in whole or in part of a party's claim of confidentiality. As soon as the receiving party is

8    informed by the producing or designating party that it is designating previously produced

9    information or materials as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES

10   ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the information

11   must be treated as if it had been timely designated under this Protective Order, and the receiving

12   party must endeavor in good faith to obtain all copies of the information or materials that it

13   distributed or disclosed to persons not authorized to access such information or materials by

14   Paragraphs 5, 6, 7 or 8 above, as well as any copies made by such persons. This provision shall

15   not affect the waiver provisions in Paragraph 4(b) above with respect to testimony.

16           15.    All counsel for the parties who have access to information or material designated

17   under this Protective Order acknowledge they are bound by this Protective Order and submit to

18   the jurisdiction of this Court for purposes of enforcing this Protective Order.

19           16.    Within sixty (60) days after the final termination of litigation between the parties,

20   all information or materials designated under this Protective Order and all copies thereof

21   (including summaries and excerpts) shall be either returned to the party that produced it or

22   destroyed and a certification of destruction supplied to the producing party.

23           17.    This Protective Order may be modified by the Court at any time for good cause

24   shown following notice to all parties and an opportunity for them to be heard.

25           18.    Both parties reserve the right to further modify this Order upon showing of good

26   cause.

27

28

1    IT IS SO STIPULATED.

2

3    Dated: March 7, 2017                Respectfully submitted,

4                                        LATHAM & WATKINS LLP

5                                        By: /s/ Kala Sherman-Presser
                                              Kala Sherman-Presser
6
                                         *Attorney for Plaintiff*
7                                        Randy M. Cordero

8

9    Dated: March 7, 2017                XAVIER BECERRA
                                         Attorney General of California
10                                       CHRISTOPHER J. BECKER
                                         Supervising Deputy Attorney General
11

12                                       By: /s/ Diana Esquivel (as authorized on March 7, 2017)
                                              Diana Esquivel
13                                            Deputy Attorney General

14                                       *Attorneys for Defendant*
                                         Nick Guzman
15

16   **PURSUANT TO STIPULATION, IT IS SO ORDERED:**

17   Dated:  March 31, 2017

18

19                                       _____
                                         KENDALL J. NEWMAN
20   Cor1551.stip                        UNITED STATES MAGISTRATE JUDGE
     kc

21

22

23

24

25

26

27

28

**EXHIBIT A-1**

**NON-DISCLOSURE AGREEMENT**

I,_____, do solemnly swear that I have read and am fully familiar with the terms of the Stipulation and Protective Order regarding confidentiality of discovery documents and information entered in *Cordero v. Guzman*, Case No. 2:13-cv-01551 JAM KJN in the United States District Court for the Eastern District of California. I hereby agree to comply with and be bound by the terms and conditions of that Protective Order unless and until modified by further Order of that Court.  I hereby consent to the jurisdiction of that Court for the purposes of enforcing that Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this __day of _____,20__, at _____.


Signed:        _____

Address:       _____

                  _____