UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY M. CORDERO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NICK GUZMAN, et al.,<br><br>　　　　　Defendants. | No. 2: 13-cv-1551 JAM KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding through counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On March 30, 2017, a hearing was held before the undersigned regarding plaintiff's motions to compel. (ECF No. 142, 143.) Tyler Young and Meryn Grant appeared on behalf of plaintiff. Deputy Attorney Diana Esquivel appeared on behalf of defendant Guzman.

<u>Request for Production of Documents Addressed to Defendant (ECF No. 142)</u>

Plaintiff moved to compel further responses to request for production of documents nos. 18 and 19 addressed to defendant Guzman. (ECF No. 142.)

> Request No. 18: All documents concerning your job performance and training from the inception of your employment with the CDCR in 2003 to present, including documents from your personnel file, supervisory file, employee relations office file, investigative services unit file, or other records concerning: reports of previous incidents involving the use of force; complaints, grievances and appeals related to the treatment and supervision of inmates; performance reviews; promotions or demotions; disciplinary actions; internal investigations; demerits; critiques;

1

formal or informal criticisms; reprimands; corrective actions; adverse actions; letters of instructions; warnings; reference to training, counseling, or other programs; citizen complaints; inmate appeals; officer grievances; suspensions or terminations; and current, former or pending litigation.

Request No. 19: All documents concerning any pending or closed investigations into correctional officer conduct, from the inception of your employment with the CDCR in 2003 to present, in which you were involved either as a witness or a subject, including any records indicating that corrective or adverse actions were undertaken.

In response to these requests, defendant limited his responses to records from November 9, 2006, to November 9, 2013. Following the hearing, the undersigned generally agreed with defendant that limiting the responses to records from November 9, 2006, to November 9, 2013, was appropriate. However, at the hearing and in their pleadings, the parties discussed specific categories of documents sought in these requests. The undersigned addresses these specific categories of documents herein.

With regard to documents regarding defendant's job performance and job training, following the hearing the undersigned ordered defendant to produce all relevant documents from November 9, 2006, to November 9, 2013, with the exception of documents addressing defendant's demotion or disciplinary actions received for the excessive use of force. Defendant is ordered to produce job performance documents addressing his demotion or disciplinary actions received for the excessive use of force from the inception of his career at CDCR through November 9, 2013.

In addition, as discussed at the hearing, while defendant's pre-October 2014 training records from High Desert State Prison ("HDSP") have been lost, defense counsel shall inquire of defendant to determine whether defendant himself has any of these lost materials.

Defendant informed the court that he inadvertently received defendant's December 2014 performance evaluation. For the reasons discussed at the hearing, defendant is not required to produce this document.

With regard to "837" Incident Reports, following the hearing, the undersigned ordered defendant to produce the "837" Incident Reports regarding his three prior incidents involving his

use of the 40 mm launcher as well as the "837" Incident Report based on the incident involving plaintiff. Defendant is also ordered to produce all "837" Incident Reports from the inception of his employment at CDCR to November 2013 involving his excessive use of force for which he was demoted or disciplined.

Following the hearing, the undersigned ordered defendant to produce all staff complaints from November 9, 2006, to November 9, 2013, that resulted in defendant's demotion or disciplinary action as a result of excessive force.

<u>Request for Production of Documents Addressed to Third Party Witnesses (ECF No. 143)</u>

Plaintiff requested documents from third party witnesses bearing on their character for truthfulness, i.e., staff complaints and employment related actions involving dishonesty or submitting false documents or information from January 1, 2008, to the present. Following the hearing, the undersigned ordered defendant to produce these documents from January 1, 2008, to November 9, 2013.

Plaintiff also requested documents from first responders Officers Green and Greer concerning their involvement in other comparable incidents, i.e., where pepper spray or a 40 mm launcher was used to quell an altercation between inmates. As discussed at the hearing, these documents are not sufficiently relevant to plaintiff's case. Accordingly, plaintiff's motion to compel production of these documents is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. For the reasons discussed above, plaintiff's motions to compel (ECF Nos. 142, 143) are granted in part and denied in part;

2. Defendant shall produce the documents discussed above within thirty days of the March 30, 2017 hearing.

Dated: April 5, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Cor1551.com

3