UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY M. CORDERO,<br><br>        Plaintiff,<br><br>    v.<br><br>NICK GUZMAN, et al.,<br><br>        Defendants. | No. 2:13-cv-1551-JAM-KJN P<br><br>ORDER |

On June 16, 2017, the magistrate judge filed findings and recommendations, which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within seven (7) days. ECF No. 170. Any response to the objections were to be filed and served within five days after service of the objections. On June 23, 2017, Plaintiff filed objections to the findings and recommendations, and on June 28, 2017, Defendant filed a response to those objections. ECF Nos. 177, 182. The Court discussed the objections with the parties at the Pretrial Conference held on June 30, 2017.

This court reviews de novo those portions of the proposed findings of fact to which an objection has been made. 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, 656 F.2d 1309, 1313 (9th Cir. 1981); see also Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009). As to any portion of the proposed findings of fact to which no objection has been made, the court assumes its correctness and decides the matter on the applicable law. See Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983).

The court has reviewed the applicable legal standards and, good cause appearing, concludes that it is appropriate to adopt the findings and recommendations. The Court finds that the bent front bead sight is, at minimum, relevant to Defendant's credibility as a witness. However, the Court agrees that Plaintiff's requested adverse inference instruction should be denied. The Court therefore adopts the magistrate judge's recommendations with the following additions:

1. The findings and recommendations are ADOPTED IN FULL.
2. Plaintiff's motion for sanctions is GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE. Plaintiff may renew his motion at trial, depending upon whether Defendant's testimony or Defendant's expert testimony opens the door to reconsideration of the need for an adverse inference instruction. Defendant is precluded from offering non-expert and expert evidence in his case-in-chief regarding whether the front bead sight was bent and whether it caused the shot to go errant.

1 | 3. Plaintiff's requested instruction will not be given. The Court may give a modified jury instruction that concerns the failure to preserve evidence and an inference with respect to Defendant Guzman's credibility if it finds that such an instruction is needed. Plaintiff may include a modified instruction in his proposed jury instructions for the Court's consideration.

4. Officer Lindsey's testimony is limited to the statements made in his report.

IT IS SO ORDERED.

Dated: July 5, 2017

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE